UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHRISTINA BOTTO,**

    **Plaintiff,**

v.                                                                               Case No:

**ALLIANCE ONE RECEIVABLES**
**MANAGEMENT, INC.**,                                           **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

    **COMES NOW**, Plaintiff, **CHRISTINA BOTTO** ("Ms. Botto" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**, ALLIANCE ONE RECEIVABLES MANAGEMENT, INC.** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect a Debt by using an automatic telephone dialing system or an artificial voice or prerecorded message to

call Ms. Botto's Cellular Telephone when Ms. Botto never gave Defendant consent to call her Cellular Telephone and even after Ms. Botto expressly communicated that she did not consent to Defendant contacting her Cellular Telephone and by placing calls to Ms. Botto's family members in attempts to collect on the alleged Debt without Ms. Botto's consent.

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

5. Plaintiff, Ms. Botto, was and is a natural person and, at all times material hereto, is an adult, a resident of Hernando County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Ms. Botto is the regular user and subscriber of the cellular telephone number 609-***-0009 ("Ms. Botto's Cellular Telephone"), and thereby is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii).

7. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of PA and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, FL 33324.

8. Further, at all times material hereto, Defendant is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55(3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55(7).

## *Statements of Fact*

9. Ms. Botto took out a cash advance payday loan with a cash advance company to use for consumer household purposes ("Account").

10. Sometime thereafter, Ms. Botto fell behind on her monthly payments towards the Account and incurred an outstanding owed thereunder ("Debt").

11. The cash advance company thereafter sold, assigned, or transferred the Account to Defendant.

12. In or around October 2017, Defendant began placing calls to Ms. Botto's Cellular Telephone in attempts to collect the Debt.

13. Ms. Botto never provided Defendant with her Cellular Telephone number.

14. Ms. Botto answered one of Defendant's calls on or around October 20, 2017, and demanded that Defendant stop calling her Cellular Telephone.

15. Despite Ms. Botto's demand, Defendant continued to place calls to Ms. Botto's Cellular Telephone in attempts to collect the Debt.

16. Defendant called Ms. Botto's Cellular Telephone at least fifty (50) times after she demanded the calls stop.

17. Defendant called Ms. Botto's Cellular Telephone up to four times in one day.

18. Defendant called Ms. Botto's Cellular Telephone from several different telephone numbers, including, but not limited to: 800-858-1531.

19. Defendant also called Ms. Botto's family members in attempts to collect on the Debt.

20. Defendant left a message on Ms. Botto's parents' voicemail stating that it had a claim against Ms. Botto, that Ms. Botto should have her Social Security number ready, and to return Defendant's call.

21. All of Defendant's calls to Ms. Botto's Cellular Telephone were placed in an attempt to collect the Debt.

22. All of Defendant's calls to Ms. Botto's parents' phone number were placed in an attempt to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

23. Ms. Botto re-alleges paragraphs 1-22 and incorporates the same herein by reference.

24. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

25. Defendant never had Ms. Botto's prior expressed consent to contact her Cellular Telephone or to contact her parents.

26. Ms. Botto also expressly revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around October 2017 when she told Defendant to stop calling her Cellular Telephone.

27. Despite this revocation of consent, Defendant thereafter called Ms. Botto's Cellular Telephone at least fifty (50) more times.

28. Defendant did not place any emergency calls to Ms. Botto's Cellular Telephone.

29. Defendant willfully and knowingly placed non-emergency calls to Ms. Botto's Cellular Telephone.

30. Ms. Botto knew that Defendant called Ms. Botto's Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her Cellular Telephone before a live representative of Defendant came on the line.

31. Ms. Botto knew that Defendant called Ms. Botto's Cellular Telephone using a prerecorded voice because Defendant left Ms. Botto at least one voicemail using a prerecorded voice.

32. Defendant used an ATDS when it placed at least one call to Ms. Botto's Cellular Telephone.

33. Defendant used an ATDS when it placed more than one call to Ms. Botto's Cellular Telephone.

34. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Botto's Cellular Telephone.

35. At least one call that Defendant placed to Ms. Botto's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

36. At least one call that Defendant placed to Ms. Botto's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

37. At least one call that Defendant placed to Ms. Botto's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

38. At least one call that Defendant placed to Ms. Botto's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

39. At least one call that Defendant placed to Ms. Botto's Cellular Telephone was made using a prerecorded voice.

40. Defendant has recorded at least one conversation with Ms. Botto.

41. Defendant has recorded more than one conversation with Ms. Botto.

42. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Botto, for its financial gain.

43. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Botto's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

44. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Botto, despite individuals like Ms. Botto revoking any consent that Defendant believes it may have to place such calls.

45. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Botto's Cellular Telephone.

46. Defendant's phone calls harmed Ms. Botto by causing her emotional distress.

47. Defendant's phone calls harmed Ms. Botto by causing her loss of sleep.

48. Defendant's phone calls harmed Ms. Botto by trespassing upon and interfering with Ms. Botto's rights and interests in her Cellular Telephone line.

49. Defendant's phone calls harmed Ms. Botto by wasting her time.

50. Defendant's phone calls harmed Ms. Botto by being a nuisance and causing her aggravation.

51. Defendant's phone calls harmed Ms. Botto by causing a risk of personal injury to Ms. Botto due to interruption and distraction.

52. Defendant's phone calls harmed Ms. Botto by invading her privacy.

53. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

    b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

    c. Awarding Plaintiff costs;

    d. Ordering an injunction preventing further wrongful contact by the Defendant; and

    e. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

54. Ms. Botto re-alleges paragraphs 1-22 and incorporates the same herein by reference.

55. Ms. Botto is a "consumer" within the meaning of the FDCPA.

56. The subject debt is a "consumer debt" within the meaning of the FDCPA.

57. Defendant is a "debt collector" within the meaning of the FDCPA.

58. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. § 1692c (b) by contacting Ms. Botto's parents and stating that Ms. Botto owed a debt and attempting to collect on the Debt.

59. As a result of the above violations of the FDCPA, Ms. Botto has been subjected to collection activities for which she has been damaged.

60. Defendant's actions have damaged Ms. Botto by invading her privacy.

61. Defendant's actions have damaged Ms. Botto by causing her embarrassment.

62. Defendant's actions have damaged Ms. Botto by causing her emotional distress.

63. Defendant's actions have damages Ms. Botto by causing her to lose sleep.

64. Defendant's actions have damaged Ms. Botto by causing her aggravation.

65. Defendant's actions have damaged Ms. Botto by harming her reputation.

66. It has been necessary for Ms. Botto to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

67. All conditions precedent to this action have occurred.

    **WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees; and

    Any other and further relief as this Court deems equitable.

### *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

68. Ms. Botto re-alleges paragraphs 1-22 and incorporates the same herein by reference.

69. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Ms. Botto and her parents in a manner and frequency that can reasonably be expected to abuse or harass Ms. Botto.

70. As a result of the above violations of the FCCPA, Ms. Botto has been subjected to unwarranted collection activities and harassment for which she has been damaged.

71. Defendant's actions have damaged Ms. Botto by causing her emotional distress.

72. Defendant's actions have damaged Ms. Botto by causing her loss of sleep.

73. Defendant's actions have damaged Ms. Botto by invading her privacy.

74. Defendant's actions have damaged Ms. Botto by causing her embarrassment.

75. Defendant's actions have damaged Ms. Botto by causing her stress.

76. Defendant's actions have damaged Ms. Botto by causing her aggravation.

77. Defendant's actions have damaged Ms. Botto by harming her reputation.

78. It has been necessary for Ms. Botto to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

79. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

   b. Awarding actual damages;

   c. Awarding punitive damages;

   d. Awarding costs and attorneys' fees;

   e. Ordering an injunction preventing further wrongful contact by the Defendant; and

   f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **CHRISTINA BOTTO**, demands a trial by jury on all issues so triable.

Respectfully submitted this **January 12, 2018**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Botto v. Alliance One Receivables Management, Inc.*
Page **11** of **11**